IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NOVAE UNDERWRITING, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 5278 |
| v. | ) | |
| | ) | Judge Grady |
| CUNNINGHAM LINDSEY U.S., INC., | ) | |
| CUNNINGHAM LINDSEY CLAIMS | ) | Magistrate Judge Nolan |
| MANAGEMENT, INC., and AMERICAN | ) | |
| PATRIOT INSURANCE AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT AMERICAN PATRIOT INSURANCE
AGENCY, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, American Patriot Insurance Agency, Inc. ("American Patriot"), by and through its undersigned attorneys, hereby submits this Memorandum in support of its Motion to Dismiss Plaintiff, Novae Underwriting, Ltd.'s ("Plaintiff" or "Novae"), First Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6) and FED. R. CIV. P. 17(a).

### INTRODUCTION

Plaintiff's First Amended Complaint should be dismissed because Plaintiff has failed to establish that it is a real and substantial party to the controversy. Most notably, Plaintiff has failed to demonstrate that it has a substantive right to relief under the insurance policy sued upon. To be sure, Plaintiff is not a subscribing name on the policy at issue and thus, not bound by contract to the insured, Fairfax Financial Holdings.[1] Nor has Plaintiff established that it even has

---

[1] Plaintiff also failed to allege the identity, let alone the citizenship, of the insurance company that issued the insurance policy at issue in this litigation. Moreover, Plaintiff fails to set forth any allegations demonstrating its connection to the insurance policy.

legal authority to act for and/or bind those who do subscribe to the policy. Plaintiff is not even mentioned on the face of the policy as an underwriter, let alone the claimed "Lead Underwriter."

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In its Amended Complaint, Plaintiff seeks a declaration that it does not owe either Cunningham Lindsey U.S., Inc. or Cunningham Lindsey Claims Management, Inc. (collectively, "Cunningham-Lindsey") any defense or indemnity obligation relating to the claims asserted by American Patriot against them in the underlying action pending in the 393rd Judicial Court in Denton County, Texas. (*See* a copy of the First Amended Complaint ("Amd. Cmplt., at ____"), attached as Exhibit 1, at ¶¶ 11-18, 37-41.) American Patriot's claims relate to Cunningham Lindsey's allegedly negligent claims handling and related misrepresentations to American Patriot and its shareholders arising out of American Patriot's Rent-a-Captive insurance program. (Amd. Cmplt., at ¶¶ 11-12.)

Plaintiff alleges that this Court has subject matter jurisdiction over the present action under 28 U.S.C. §1332(a)(2) because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of a state and citizens or subjects of a foreign state. (Amd. Cmplt., at ¶ 8.) Diversity of citizenship is Plaintiff's sole basis for asserting the subject matter jurisdiction of this Court. In support of its contention this Court has jurisdiction based upon diversity, Plaintiff alleges that it is a limited corporation registered in England and Wales with its registered office and principal place of business in London, England. (Amd. Cmplt., at ¶ 4.) Plaintiff alleges that it is one of the Underwriters at Lloyd's, London subscribing to the insurance policy at issue in the instant litigation, and is a member of the Lloyd's syndicate that serves as the Lead Underwriter of the policy at issue. (Amd. Cmplt., at ¶ 5.) Yet, Plaintiff further alleges that it brings this action "solely in its individual capacity and not as a representative of any other underwriter or insurer." (Amd. Cmplt. at ¶ 5).

On October 11, 2007, American Patriot timely moved to dismiss Plaintiff's Original Complaint under FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 17, among others, on the grounds that Plaintiff failed to offer any competent proof that the complete diversity requirements under Section 1332 were met and that it is a real and substantial party to the controversy.[2] In response, Plaintiff filed an Amended Complaint essentially asserting the same allegations contained in the Original Complaint. The only change to the Amended Complaint relates to Plaintiff's clarification that it is a United Kingdom "limited corporation," not a limited liability company. (Amd. Cmplt., at ¶ 4.) In its Amended Complaint, Plaintiff does not address whether it is a subscribing name on the policy sued upon or that it has legal authority to act for and bind those who do subscribe to the policy. As described more fully below, these new allegations do nothing to correct the deficiencies in the Original Complaint.

## ARGUMENT

**There Is No Evidence That Plaintiff Is A Real And Substantial Party In Interest To The Controversy**

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. *See Adams v. Cavanagh Communities Corp.*, 847 F. Supp. 1390, 1396 (N.D. Ill. 1994). Granting a motion to dismiss under Rule 12(b)(6) is proper only if, as it is here, "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *Gustafson v. Jones*, 117 F.3d 1015, 1017 (7th Cir. 1997). In evaluating the motion, courts accept all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in favor of the

---

[2] In its Original Complaint, Plaintiff alleged that it was a limited liability company registered in England and Wales with its registered office and principal place of business in London, England. (Dkt. No. 1, at ¶ 4.)


plaintiff. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Forseth v. Village of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000).

Under Rule 17(a), the plaintiff must be the "real party in interest" with respect to the claim sued upon. FED. R. CIV. P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest.") The real party in interest is the person who has the right to sue under the substantive law. *Mutual Assignment and Indem. Co. v. Lind-Waldock & Co., LLC* 364 F.3d 858, 860 (7th Cir. 2004). The real party in interest may or may not be the same as the persons whose citizenship determines federal diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 462 (1980). Therefore, in addition to establishing that it is a real party in interest, plaintiff must establish that it is a "real and substantial party to the controversy" whose citizenship determines diversity jurisdiction. *Sta-Rite Industries, Inc. v. Allstate Ins. Co.,* 96 F.3d 281 (7th Cir. 1996); *Illinois v. Life of Mid-America Ins. Co.,* 805 F.2d 763 (7th Cir. 1986).

In its Amended Complaint, Plaintiff now simply alleges that it has capacity to bring this lawsuit by asserting that it is the "Lead Underwriter" under the policy at issue. However, it remains unknown, for example, whether Plaintiff is a subscribing name on the policy at issue and whether it has the authority to bind others on whose behalf it claims to be brining this action. It is also unknown whether Plaintiff is bound by contract to Fairfax Financial Holdings, the insured. It is also unknown whether Plaintiff has a personal stake in the outcome.

That Plaintiff is the "Lead Underwriter" and thus, somehow has authority to bring this action is belied by the plain language of the policy. On its face, the policy defines "Lead Underwriter" as "Syndicate 1212 at Lloyd's, London," not Plaintiff (Novae). (Exhibit A, at p. 68.) (Dkt. No. 31-2, at p. 13.) In fact, Plaintiff does not appear anywhere on the face of the policy, including the Schedule of Underwriters. (Dkt. No. 31-2, at p. 53.) Plaintiff also fails to establish that other syndicate names are contractually bound on an individual basis to the insured

(Fairfax Financial Holdings) to adhere to any adverse judgment rendered against them, despite the fact that Plaintiff is the only purported syndicate member to participate in the litigation as a named party.

Without more establishing that Plaintiff is a subscribing name on the policy and has the legal authority to act for and bind those who do subscribe to the policy, Plaintiff's Amended Complaint is insufficient to pass muster under FED. R. CIV. P. 17. Accordingly, the Amended Complaint should be dismissed.

## CONCLUSION

For the forgoing reasons, Defendant, American Patriot Insurance Agency, Inc., prays that this Honorable Court enter an order dismissing Plaintiff's First Amended Complaint, and grant such other and further relief as the Court deems proper and just.

Dated: November 19, 2007                    Respectfully submitted,

                                                             AMERICAN PATRIOT INSURANCE AGENCY, INC.

                                   By:    /s/ Steven D. Pearson
                                                  One of its Attorneys

Bruce R. Meckler (No. 6181171)
Steven D. Pearson (No. 6190506)
Mitchell J. Edlund (No. 6229190)
MECKLER BULGER & TILSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312/474-7900 - Telephone
312/474-7898 – Facsimile

## CERTIFICATE OF SERVICE

The undersigned, pursuant to the penalties for perjury, certifies and affirms that a true and accurate copy of the foregoing **Defendant American Patriot Insurance Agency, Inc.'s Memorandum In Support of Its Motion To Dismiss Plaintiff's First Amended Complaint** was served upon:

>Peter F. Lovato, Esq.
>BOUNDAS, SKARZYNSKI, WALSH & BLACK LLC
>200 East Randolph Street
>Suite 7200
>Chicago, IL 60601
>plovato@bswb.com
>
>William Joel Vander Vliet, Esq.
>BOUNDAS, SKARZYNSKI, WALSH & BLACK LLC
>200 East Randolph Drive
>Suite 7200
>Chicago, IL 60601
>wvandervliet@bswb.com

via Electronic Case Filing (ECF) on November 19, 2007.



/s/ Steven D. Pearson

M:\12340\pleading\mem001me (amdcmplt) (2).doc