UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| NOVAE UNDERWRITING, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CUNNINGHAM LINDSEY CLAIMS ) <br> MANAGEMENT, INC. and AMERICAN ) <br> PATRIOT INSURANCE AGENCY, INC., ) <br> ) <br> Defendants. ) | Docket #: 07C5278-JFG(NRN) |

## MEMORANDUM OF LAW IN SUPPORT OF
## CUNNINGHAM LINDSEY CLAIMS MANAGEMENT, INC.'S MOTION TO DISMISS

Defendant Cunningham Lindsey Claims Management, Inc. ("CMI" or "Defendant") submits this memorandum of law in support of its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### PRELIMINARY STATEMENT

This is an action to prematurely determine coverage before a judgment or other resolution of the underlying lawsuit has been reached. Plaintiff has not presented this Court with a justiciable controversy.

Plaintiff is but a member of one of a number of insurance syndicates on the risk in question (the "Policy").[1] Coverage on that risk is not triggered until the insured commits to pay via settlement, or a judgment is entered, (i) above the Defendant's $1 million retention and (ii) for covered claims. Plaintiff does not have a current duty to defend Defendant and does not

---

[1] The fact that none of the underwriters on the risk have sought declaratory relief at this premature stage is telling.

seek a determination of its obligations with respect to that issue. Rather, Plaintiff asks this Court for a hypothetical, advisory opinion as to coverage before the unnamed underwriters' indemnity obligations have been triggered. Not only has there been no settlement or judgment, the plaintiff in the underlying *American Patriot* Lawsuit (defined *infra*) has yet to make a demand equal to or above Defendant's $1 million retention. As long as the underlying lawsuit remains unresolved, a determination of the insurers' duty to indemnify would be wholly speculative and a waste of this Court's (and the parties') time and resources.

This Court is constitutionally prohibited from issuing the advisory opinion Plaintiff seeks. This Court does not have subject matter jurisdiction over this action and should dismiss it.

## STATEMENT OF UNDISPUTED FACTS

In its Original Complaint, Plaintiff sought a declaration that it has no duty to indemnify Defendant in connection with (i) an action styled *Anderson v. Cunningham Lindsey Claims Management, Inc., et al.*, Cause No. 02-00401-L, in the Judicial District Court of Dallas County, Texas (the "*Anderson* Lawsuit"); and (ii) an action styled *American Patriot Insurance Agency v. Cunningham Lindsey Claims Management, Inc., et. al.*, Cause No. 19,348 in the Judicial District Court of Tyler County, Texas (the "*American Patriot* Lawsuit"). Original Complaint ("Original Compl.") at p. 9. The *Anderson* Lawsuit settled beneath the Policy's $1 million retention and without involving Plaintiff, causing Plaintiff to file an Amended Complaint without mentioning the *Anderson* Lawsuit. *See* First Amended Complaint ("First Am. Compl."). Plaintiff now contends that it has no duty to indemnify Defendant with respect to the unresolved *American Patriot* Lawsuit based on three theories: (1) late notice; (2) an exclusion in the Policy; and (3) breach of the Policy's cooperation clause.

Defendant is an Assured under a comprehensive liability package Policy issued by 13 London syndicates, including coverage sections for Directors and Officers Liability and Company Reimbursement Insurance, Employment Practices Liability Insurances and Fiduciary Liability Insurance. First Am. Compl. ¶¶ 19-20. Under the Policy, the insurance syndicates agreed to indemnify Defendant for any losses it might suffer in connection with a covered claim exceeding the Policy's $1 million retention. First Am. Compl. ¶ 21. Plaintiff vaguely alleges that it is a type of investor in the lead insurer, or perhaps a sub-insurer, but does not contend that is a direct insurer under the Policy. *See*, First Am. Compl., ¶ 4 (Novae "is a **member** of the Lloyd's syndicate that serves as the Lead Underwriter of the Policy"). In any event, either most or all of the syndicates on the risk are not represented in this matter.

In or about January 2002, the *Anderson* Lawsuit was filed against Assured CMI in Dallas County, Texas. Original Compl. ¶ 19. Later, on April 16, 2002, American Patriot Insurance Agency ("American Patriot") and two of its shareholders commenced a lawsuit against CMI. First Am. Compl. ¶ 10.[2] The *American Patriot* Lawsuit is venued in Denton County, Texas, which is the county of Defendant's principal place of business. First Am. Compl. ¶ 15. Defendant notified Plaintiff that the *Anderson* and *American Patriot* Lawsuits had been filed against it and that the plaintiffs in those cases had indicated that a damages award could potentially exceed the Defendant's $1 million retention.

---

[2] Plaintiff has compounded the wastefulness of this lawsuit by improperly joining American Patriot. Under Texas law, the underlying claimant is not a proper party to a declaratory judgment action between the insurer and the insured. *Feria v. CU Lloyd's of Texas*, No. 05-00-01245-CV, 2001 WL 1263666, *2 (Tex. App.—Dallas Oct. 23, 2001, no pet. h.) (not designated for publication) (denying intervention in declaratory judgment action between insurer and insured to claimant who had not obtained a judgment against the insured); *see also Owens v. Allstate Ins. Co.*, 996 S.W.2d 207, 208 (Tex. App.—Dallas 1998, petition for review denied) ("An injured third party simply cannot sue the tortfeasor's liability insurance company directly until the tortfeasor's liability has been finally determined by agreement or judgment.").

On October 12, 2007, one month after Plaintiff commenced this action, CMI settled the *Anderson* Lawsuit without triggering Plaintiff's coverage.[3] In the *American Patriot* Lawsuit, there has been no resolution by settlement or judgment. Indeed, the plaintiff in the *American Patriot* Lawsuit has yet to even make so much as a settlement demand that, if added to Defendant's defense costs, would equal or exceed the Policy's $1 million retention. Plaintiff does not and cannot allege otherwise. *See* First Am. Compl.

## THIS COURT HAS NO SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS FOR DECLARATORY JUDGMENT.

Under Article III, § 2 of the United States Constitution, this Court may only adjudicate "cases" or "controversies." The Court may not render advisory opinions. *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992). And the Declaratory Judgment Act under which Plaintiff seeks relief "does not dispense with the Article III case or controversy requirement . . . nor does it supply the court with subject matter jurisdiction." *In re VMS Sec. Litig.*, 103 F.3d 1317, 1327 (7th Cir. 1996).

"An actual controversy exists when the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, ***of sufficient immediacy and reality*** to warrant the issuance of a declaratory judgment." *Buckley v. County of Dupage*, No. 88 C 1939, 1998 WL 832641, at * 3 (N.D. Ill. Nov. 23, 1998) *quoting Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (emphasis added). No actual controversy exists "when the parties point only to hypothetical, speculative, or illusory disputes." *Hinrichs*, 975 F.2d at 133. Such speculative disputes are unripe, depriving the court of subject matter jurisdiction. *Id.*

---

[3] A true and correct copy of the Partial Compromise Settlement Agreement and Release, dated October 12, 2007, is attached hereto as Exhibit "A." In accordance with its confidentiality provision, the settlement amount has been redacted.

A. **Plaintiff's Claim for Declaratory Judgment in Connection with the *Anderson* Lawsuit Was Obviously Unripe and Proves that the *American Patriot* Lawsuit Is Unripe as Well.**

Plaintiff originally sued Defendant in part over the *Anderson* Lawsuit, based on the hypothetical possibility that its coverage might be someday triggered. It wasn't.

The fact that the *Anderson* Lawsuit was resolved without triggering Policy coverage illustrates the wisdom underlying the rule that courts should not bother with matters before they are ripe. Otherwise, had Plaintiff filed this lawsuit in, say, 2003 instead of 2007 and been permitted to pursue its quest for an advisory opinion well in advance of the *Anderson* Lawsuit's resolution, the Plaintiff would have wasted this Court and CMI's precious resources over a wide array of meaningless issues.

B. **Plaintiff's *American Patriot* Claim for Declaratory Judgment Is Just as Unripe as the *Anderson* Claim Was Before It Was Dropped.**

The ripeness doctrine, which seeks to prevent courts from entangling themselves with abstract disagreements, asks two questions: (1) whether the relevant issues are sufficiently focused so as to permit judicial resolution without further factual development; and (2) whether the parties would suffer any hardship by the postponement of judicial action. *Triple G Landfills, Inc. v. Bd. of Comm'rs of Fountain County, Indiana*, 977 F.2d 287, 289 (7th Cir. 1992), *citing Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). Neither of these two concerns is implicated when an insurer seeks declaratory judgment regarding its duty to indemnify while the underlying lawsuit against the insured is still unresolved. This is because an insurer's duty to indemnify is only triggered after the insured becomes obligated, at least in principle, to pay damages in the underlying action. *See Avemco Ins. Co. v. Acer Enters.*, 796 F. Supp. 343, 347 (N.D. Ill. 1992). Prior to that point, an insurer has only a contingent duty to indemnify, which may never vest. For instance, the insured may (1) prevail in the underlying lawsuit, (2) lose or settle the case for

less than the insured's deductible or retention; or (3) lose or settle the case but not on terms that fall within the coverage of the policy. Accordingly, the overarching rule is that "a claim of the duty to indemnify an insured against damages from the primary lawsuit is not ripe (and, hence, not a justiciable controversy) until after the primary lawsuit has been resolved, i.e., either by settlement or by a finding of liability against the insured." *Buckley*, 1998 WL 832641, at * 4.

Courts in the Seventh Circuit—including this Honorable Court—routinely apply this rule, treating arguments about the duty to indemnify as unripe until the insured has been held liable or commits to a settlement. *See, e.g., Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 585 (7th Cir. 2003) (holding that declaration of duty to indemnify was premature while underlying litigation was pending); *Great Am. Ins. Co. of New York v. Helwig*, 419 F. Supp. 2d 1017, 1022 (N.D. Ill. 2006) (refusing to make determination on issue of indemnification where no relief granted in underlying litigations); *Nautilus Ins. Co. v. VUK Builders, Inc.*, 406 F. Supp. 2d 899, 906-07 (N.D. Ill. 2005) (granting motion to dismiss on duty to indemnify claim where underlying litigation was pending); *Sethness-Greenleaf, Inc. v. CIGNA Prop. and Cas. Ins. Co.*, No. 94 C 6002, 1995 WL 571866, * 7 (N.D. Ill. Sept. 12, 1995) (denying plaintiff's motion for summary judgment as unripe while underlying claim was still pending in state court) (Grady, J.). As one court recognized, "given the general rule against considering indemnity issues prior to a judgment in the related case, close cases should be resolved against exercising jurisdiction over a declaratory action." *Booker v. Associated Agencies, Inc.*, No. 92 C 4002, 1993 WL 157506, at * 4 (N.D. Ill. May 11, 1993).

Plaintiff purports to hang its premature declaratory judgment claims on the holdings of two Seventh Circuit opinions: *Banker's Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677 (7th Cir. 1992) and *American Home Assurance Co. v. Swanson*, No. 93 C 383, 1993 WL 155505 (N.D. Ill.

May 10, 1993). Plaintiff's reliance is misplaced. Neither case abrogates the general rule applicable here, but rather presented exceptional circumstances. Indeed, neither case involved a duty to indemnify. *Banker's Trust Co.* addressed the **validity** of the policy at issue and *American Home Assurance Co.* dealt with the **validity** of the policy's limitation of liability clause. Here, Plaintiff does not claim that the Policy itself is invalid or that any provision of is unenforceable. Indeed, Plaintiff's allegations embrace the Policy's conditions and exclusions; they do not question the Policy's very validity.

Plaintiff's allegations of late notice and that a Policy exclusion bars coverage are typical of defenses asserted by insurers. *See, e.g., Atlanta Int'l Ins. Co. v. Atchison, Topeka and Santa Fe Ry Co.*, 938 F.2d 81, 84 (7th Cir. 1991) (concluding that until there is a demand upon the insurer to pay for losses sustained by the insured, any decision on the issue of **late notice** would be an advisory opinion); *Int'l Envtl. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 843 F.Supp. 1218, 1231 (N.D.Ill. 1993) (holding that plaintiff's denial of any duty to indemnify based on several policy **exclusions** was unripe while the underlying litigation was still pending).

A resolution of Plaintiff's notice and exclusion defenses would unnecessarily consume this Court's time and the insured's limited resources in order to produce an advisory opinion that—if Defendant is not found liable or if Defendant settles beneath the Policy's $1 million floor—may never gain relevance.

Plaintiff also alleges that "[i]n September 2007, Cunningham Lindsey informed Underwriters that it was discussing with American Patriot the scheduling of a mediation, and that, based on American Patriot's demand, it 'could' require an amount substantially in excess of the Policy's $1,000,000 retention to effect a settlement of the American Patriot Claim." First Am. Compl. ¶ 35. Plaintiff's use of "could" here belies Plaintiff's argument. This Court cannot

render advisory opinions based on a "possibility" that the insured may someday settle within Policy coverage. The fact remains that no settlement has been attempted much less reached, and accordingly, indemnity has not become ripe for adjudication. *See Atlanta Int'l Ins. Co.*, 938 F.2d at 84.

Indeed, the *Anderson* Lawsuit exemplifies precisely why an adjudication of the Plaintiff's indemnification obligation at this time would be inappropriate and wasteful. It too had its hypothetical share of potential notice, assignment and exclusion issues, but none ever arose to an actual controversy by the time the *Anderson* Lawsuit settled.

Furthermore, Plaintiff will not be harmed if it waits until the *American Patriot* Lawsuit is resolved to pursue any defense to coverage. Plaintiff acknowledges that the *American Patriot* Lawsuit is still pending in state court. *See* First Am. Compl. ¶ 15. Nevertheless, Plaintiff attempts to allege urgency, but its attempt falls flat. Plaintiff contends that "with respect to at least two [other] Claims (unrelated to the *American Patriot* Lawsuit) Cunningham Lindsey first reported to Underwriters after the Policy Period expired, Cunningham Lindsey settled with the Claimants and assigned its purported rights under the Policy to the Claimants in exchange for releases and covenants not to execute against Cunningham Lindsey. Cunningham Lindsey has told Underwriters that, whenever it can, it will resolve other Claims in the same (or in a similar) way." First Am. Compl. ¶ 34. Even accepting Plaintiff's allegation as true for purposes of this Memorandum only, any assignment of rights by CMI would not in any way prejudice Plaintiff and render this case justiciable.

Should Defendant settle the *American Patriot* Lawsuit on terms involving an assignment of CMI's rights under the Policy, the insurers would have lost nothing. They would still be able to raise the three defenses to indemnification raised here (as well as any other defense) in any

resulting lawsuit against them by assignee American Patriot. *Trueheart v. Braselton*, 875 S.W.2d 412, 415 (Tex.App.—Corpus Christi 1994) ("An assignee's right to enforce a contract against the obligor is subject to all limitations of the obligee's right, to all defenses, set offs, and counterclaims of the obligor that would have been available against the obligee had there been no assignment, if the defenses and set offs are based on facts which existed at the time of the assignment.").[4] At bottom, because the duty to indemnify has not been triggered, the insurers on the Policy are under no pressure, procedurally or otherwise, to have their claims adjudicated or even remain on file with this Court. *See South Austin Coalition Cmty Council v. SCB Communications Inc.*, 191 F.3d 842, 845 (7th Cir. 1999) (rejecting claim that the plaintiffs would be prejudiced if their otherwise unripe claim were dismissed where statute of limitations for claim was four years and would not begin to run until consummation of challenged transaction.)[5]

Principally for these two reasons, Plaintiff cannot demonstrate that its claim is of sufficient immediacy to warrant a declaratory judgment. Accordingly, the best course here is dismissal. *See South Austin Coalition Cmty Council*, 191 F.3d at 845 ("When delay is harmless to the plaintiff, the best response to an unripe suit is dismissal."); *see also Harleysville Lake States, Ins. Co. v. Boller Constr. Co.*, No. 04 C 6237, 2005 WL 1323321, * 2, n.3 (N.D. Ill. May 31, 2005) (rejecting contention that court should stay unripe claim for declaratory judgment on issue of insurer's duty to indemnify rather than dismiss it where dismissal is without prejudice);

---

[4] It is likely that Texas law will apply to the issues before this Court. CMI, the defendant in the underlying lawsuit, has its principal place of business in Texas and the underlying lawsuit is pending in Texas. Any reimbursement made under the Policy will be made to CMI in Texas. Under these facts, Texas law governs. *See* TEX. INS. CODE § 21.42 ("Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby.").

[5] Since Plaintiff does not contend that it is an insurer under the Policy, the absence of prejudice point is even more compelling here.

*Cruz v. County of Dupage*, No. 96 C 7170, 1998 WL 832642, * 4 (N.D. Ill. Nov. 23, 1998) (stating that general rule requires dismissal of an unripe duty to indemnify claim).

In addition to the legal support for dismissal, equitable reasons support dismissal as well. Most or all of the real parties in interest—the 13 underwriting syndicates—do not appear to be parties to this rather pointless matter. And no party purports to protect their interests. Thus, whether even the advisory opinion sought would have binding consequences is an open question.

Furthermore, the Northern District of Illinois has no nexus with this premature suit between insured and insurer. That is, the Assured is a Texas citizen and the underlying lawsuit is in Texas. Texas courts have held that a coverage suit arising from an underlying liability suit should be brought in the same place as the underlying suit. *See, e.g., Southern County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 457-58 (Tex. App.--Corpus Christi 2000, no pet.) (judgment against insured was substantial part of events giving rise to insurance coverage action and venue was therefore appropriate where judgment was issued); *Cigna Lloyds Ins. Co. v. Bradleys' Electric, Inc.*, 993 S.W.2d 673, 677 (Tex. App.—Corpus Christi 1999), rev'd on other grounds, 995 S.W.2d 675 (Tex. 1999) (transfer of insurance coverage case away from county where underlying suit was filed was error); *Millers Mut. Fire Ins. Co. v. Texoma Directional Drilling Co.*, 622 S.W.2d 899, 901 (Tex. App.—Fort Worth 1981, no writ) (cause of action under insurance policy arises in county where insured was sued).

## PLAINTIFF'S CLAIM FOR BREACH OF A CONTRACTUAL DUTY TO COOPERATE IS UNRIPE AND SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Ostensibly, Plaintiff purports to assert a separate and distinct claim for breach of the Policy's cooperation provision. Plaintiff alleges that "[b]y failing to provide Underwriters 'information, assistance and cooperation' they (through their counsel) requested with respect to

the American Patriot Claim, Cunningham Lindsey breached its duty to cooperate and, therefore, has no viable claim for coverage." First Am. Compl. ¶ 47. In connection with this claim, Plaintiff seeks a judgment that "Novae has no liability under the Policy in connection with the American Patriot Claim due to Cunningham Lindsey's breach of its obligations under Clause VII." First Am. Compl. at p. 10.

The steadfast rule that an insurer's duty to indemnify is unripe until the insured has been held liable or commits to pay is equally applicable to Plaintiff's claim for breach of a duty to cooperate. The appropriateness of applying the general rule is bolstered, where, as here, Plaintiff has failed to plead—and cannot at this juncture prove while the underlying case remains unresolved—prejudice. In general, and under Texas law specifically, "a failure to cooperate without some resulting prejudice to the insurer is not a breach of a contractual duty to cooperate." *Oil Ins. Ass'n v. Royal Indem. Co.*, 519 S.W.2d 148, 151 (Tex. Civ. App. 1975, writ ref'd n.r.e.); *see also Coastal Ref. & Mktg., Inc. v. U.S. Fid. and Guar. Co.*, 218 S.W.3d 279, 298 (Tex. App.—Houston [14th Dist.] 2007, pet. filed) (insurer has burden to prove not only that insured failed to cooperate, but that this failure prejudiced the insurer); *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 468 (5th Cir. 2002) (Texas law) ("To breach its duty to cooperate, an insured's conduct must materially prejudice the insurer's ability to defense [sic] the lawsuit on the insured's behalf.") The ultimate prejudice to an insurer, if any, is the entry of a final judgment for money damages against the insured. But, where, as here, no such judgment has been entered, the issue of the insured's ultimate prejudice remains unresolved. If the *American Patriot* Lawsuit is won by CMI, or settled for less than the Policy's $1 million retention, there can be no prejudice to the insurance syndicates.

This reasoning is illustrated by *National Union Fire Insurance Co. of Pittsburgh v. Continental Illinois Co.*, 658 F.Supp. 781 (N.D. Ill. 1987). There, the plaintiffs sought to amend their complaint to add a breach of contract claim premised on alleged violations of the insurance policies' cooperation clauses. The insurers proposed to allege that as a result of the defendants' breach of contract, the plaintiffs faced a potential $20 million claim. The court found, however, that such claim was unripe because the plaintiffs proposed to obtain a declaration of rights on the defendants' liability to them for an unresolved claim. Under such circumstances, any prejudice to the insurer was speculative. *Cf. Miller v. August Mut. Ins. Co.*, 157 Fed. Appx. 632, * 4 (4th Cir. 2005) (holding that claim for declaratory judgment that insurer was not liable to third-party because of insured's breach of the duty to cooperate presented an actual controversy where default judgment had been entered against insured making a damage award against the insured certain.)

Similarly here, any claim of prejudice would be wholly speculative. No judgment or commitment to pay has occurred in the *American Patriot* Lawsuit. Indeed, it is sheer speculation that a settlement or judgment will be entered that implicates the Policy or prejudices the insurers on the risk. And this is not a case where Plaintiff or the underwriters can claim prejudice arising from any duty to defend, because they have no duty to defend the *American Patriot* Lawsuit at this stage.

Accordingly, Plaintiff's claim that CMI breached its duty of cooperation should await the resolution of the *American Patriot* Lawsuit and be dismissed.

## CONCLUSION

This Court does not have subject matter jurisdiction over any claim in the Complaint. CMI respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

Dated: November 19, 2007.

          Respectfully submitted,

          **GARDERE WYNNE SEWELL LLP**

By:   */s/ Robert M. Hoffman*
      Robert M. Hoffman *(admitted pro hac vice)*
      Debbie E. Green *(admitted pro hac vice)*
      3000 Thanksgiving Tower
      1601 Elm Street
      Dallas, Texas 75201-4761
      214.999.4707 TELEPHONE
      214.999.3707 FACSIMILE

      J. James Cooper *(admitted pro hac vice)*
      1000 Louisiana, Suite 3400
      Houston, Texas 77002-5007
      713.276.5884 TELEPHONE
      713.276.6884 FACSIMILE

          **STONE & MOORE, CHTD.**

By:   */s/ Natacha von Will*
      Natacha von Will [Bar No. 6284196]
      150 Michigan Ave., 26th Floor
      Chicago, Illinois 60601
      312.332.5656 TELEPHONE
      312.217.6877 FACSIMILE

          **ATTORNEYS FOR DEFENDANT CUNNINGHAM LINDSEY CLAIMS MANAGEMENT, INC.**