**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NOVAE UNDERWRITING, LTD.          )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     No. 07 C 5278
                                  )
CUNNINGHAM LINDSEY CLAIMS         )
MANAGEMENT, INC. and AMERICAN     )
PATRIOT INSURANCE AGENCY, INC.,   )
                                  )
          Defendants.             )

## MEMORANDUM OPINION

Before the court is the motion of defendant Cunningham Lindsey Claims Management, Inc. to dismiss plaintiff's First Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons explained below, the motion is granted.

## BACKGROUND

Plaintiff Novae Underwriting, Ltd. ("Novae") brings this suit against Cunningham Lindsey Claims Management, Inc. ("Cunningham") and American Patriot Insurance Agency, Inc. ("American Patriot") , seeking to avoid liability under a directors' and officers' liability insurance policy (the "Policy"). The Policy was issued to Fairfax Financial Holdings ("Fairfax") by Certain Underwriters at Lloyd's London ("Underwriters"). Cunningham, a subsidiary of Fairfax, is an "Assured" under the Policy, which covers certain

claims made against the Assureds.  Novae is one of the Underwriters that subscribed to the Policy and a member of the Lloyd's syndicate that served as the Lead Underwriter for the Policy.  According to Novae, at issue in this case is coverage for an errors and omissions claim; the Policy provides that each claim for that type of coverage is subject to a $1,000,000 retention.  (Exhaustion of the retention triggers the duty to indemnify.)

Jurisdiction is based upon diversity of citizenship.  Novae is a private limited company incorporated and registered in the United Kingdom; its principal place of business is in London, England.  Cunningham is a Delaware corporation with a principal place of business in Texas.  American Patriot is a Wisconsin corporation with a principal place of business in Illinois.  Novae alleges that the amount in controversy exceeds $75,000.

Novae seeks a declaration that it has no duty to indemnify Cunningham in connection with a breach of contract and negligence action filed against Cunningham by American Patriot (the "American Patriot Action").  In that action, which is currently pending in state court in Texas, American Patriot alleges that it entered into certain agreements with a group of insurers to offer workers' compensation, general liability, and automobile liability insurance products to roofing contractors (the "Roofers' Program").  Cunningham was hired to administer claims under policies issued to American Patriot's clients as part of the Roofers' Program, and one

of its responsibilities as administrator was to set appropriate reserves. American Patriot alleges that Cunningham established unreasonably low reserves, which led to the unwarranted renewal of some policies and the underpriced renewal of other policies, and then concealed the problems. Recovery of actual damages in excess of $1 million (and punitive damages, attorney's fees, costs, and other relief) is sought. American Patriot's expert has opined that actual damages exceed $5 million.

In the instant action, Novae alleges that Cunningham failed to provide written notice to the Underwriters of the American Patriot Action during the Policy Period, which ran from May 2000 to May 2004. Count I of the First Amended Complaint seeks a declaratory judgment that the claim relating to the American Patriot Action (the "American Patriot Claim") "does not fall within" an "Insuring Clause" set forth in the Policy because it was a claim that "must be deemed 'first made' after the Policy Period expired." (First Am. Complt., Prayer for Relief.) In Count II, Novae seeks a declaration that it has no liability on the Policy in connection with the American Patriot Claim because of an exclusion in the Policy for claims based upon or arising from the adequacy or redundancy of claim reserves. Count III seeks "a judgment that Novae has no liability under the Policy" in connection with the American Patriot Claim due to Cunningham's alleged breach of its duty to cooperate with the Underwriters.

Cunningham now moves to dismiss the First Amended Complaint for lack of subject matter jurisdiction.

## DISCUSSION

The Declaratory Judgment Act (the "Act") provides that a federal court, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act itself does not supply subject matter jurisdiction, In re VMS Securities Litigation, 103 F.3d 1317, 1327 (7th Cir. 1996), so there must be an independent basis for jurisdiction. Where such a basis exists, as it does here, "[t]he sole requirement for jurisdiction under the Act is that the conflict be real and immediate, i.e., that there be a true, actual 'controversy' required by the Act." Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 96 (1993). The party seeking a declaratory judgment bears the burden of establishing the existence of an actual controversy. Id. at 95. Even if jurisdictional prerequisites are satisfied, we have wide discretion in deciding whether to declare the rights and relations of the parties. Nationwide Ins. v. Zavalis, 52 F.3d 689, 692 (7th Cir. 1995).

The "actual controversy" requirement is equivalent to Article III's case-or-controversy requirement, see MedImmune, Inc. v.

Genentech, Inc., --- U.S. ----, 127 S. Ct. 764, 771, 166 L. Ed. 2d
604 (2007). Cunningham contends that the complaint must be
dismissed because Novae's claims have not ripened into a
justiciable controversy. Ripeness doctrine is grounded in both
Article III concepts and prudential concerns. Lehn v. Holmes, 364
F.3d 862, 867 (7th Cir. 2004). "The central perception is that
courts should not render decisions absent a genuine need to resolve
a real dispute." 13A Charles Alan Wright et al., Federal Practice
and Procedure § 3532.1 (2d ed. 1984). "Basically, the question in
each case is whether . . . there is a substantial controversy,
between parties having adverse legal interests, of sufficient
immediacy and reality to warrant the issuance of a declaratory
judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S.
270, 273 (1941). Put another way, "[r]ipeness turns on the fitness
of the issues for judicial decision and the hardship to the parties
of withholding court consideration." Pacific Gas & Elec. Co. v.
State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 201
(1983) (internal quotation marks omitted). "Whether a dispute has
reached the stage at which a declaratory judgment under 28 U.S.C.
§ 2201 is appropriate is a question of federal practice." Lear
Corp. v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 583 (7th Cir.
2003).

Cunningham argues that this action is premature because a
judgment or settlement in the underlying case, the American Patriot

Action, has not yet been effectuated. Novae's indemnification obligation under the Policy is not triggered until the $1 million retention is reached; in Cunningham's view, this contingent duty to indemnify may never vest, and therefore Novae's claims are not ripe. In support of its argument that this is a speculative dispute, Cunningham points out that Novae's original complaint in this action sought a declaration that Novae has no duty to indemnify Cunningham in connection with <u>two</u> underlying lawsuits-- the American Patriot Action and another action that we will call the Anderson Action. Cunningham settled the Anderson Action for less than the $1 million retention; therefore, coverage under the Policy was not triggered, and Novae had to amend its complaint in this suit to omit the relief sought in connection with the Anderson action.[1]

The Seventh Circuit has instructed:

> We regularly say that decisions about indemnity should be postponed until the underlying liability has been established. . . . A declaration that A must indemnify B if X comes to pass has an advisory quality; and if the decision would not strictly be an advisory opinion (anathema under Article III) it could be a mistake, because it would consume judicial time in order to

---

[1]   Cunningham has attached the Settlement Agreement from the Anderson Action to its motion to dismiss. On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the court is not bound to accept the truth of the allegations in the complaint. Rather, the plaintiff has the obligation to establish jurisdiction by competent proof, and the court may properly look to evidence beyond the pleadings in this inquiry. <u>See, e.g.</u>, <u>Calderon v. United States</u>, 123 F.3d 947, 951 n.2 (7th Cir. 1997) (stating that courts "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists").

produce a decision that may turn out to be irrelevant. _Lear_, 353 F.3d at 583. This is a general, not absolute, rule; where the plaintiff's legally protected interest is "seriously threaten[ed]" before the underlying claim is resolved, an exception to the general rule exists. _See Bankers Trust Co. v. Old Republic Ins. Co._, 959 F.2d 677, 682 (7th Cir. 1992). Moreover, the Seventh Circuit has distinguished declaratory decisions concerning the duty to indemnify from those concerning the duty to defend because "[d]efense may be required even if there never turns out to be any liability to indemnify." _Lear_, 353 F.3d at 583.

Novae acknowledges the general rule but contends that we should not apply it here. Novae's first argument is that there is an actual controversy sufficient to satisfy the requirements of Article III, which requires only a "probabilistic injury," _see Bankers Trust_, 959 F.2d at 681, based on a September 2007 e-mail from Cunningham about the American Patriot Action. The e-mail stated that Cunningham was discussing with American Patriot the scheduling of mediation and asked for Novae's "coverage position" given that, based on American Patriot's demand in the matter, "it _may_ require amounts substantially in excess of the $1,000,000 retention to effect a settlement." (Pl.'s Mem. in Opp'n at 9 n.6 (emphasis added).) Novae, straining to fit this case into a a line of cases finding a justiciable controversy where an insurer is obliged to consider a good-faith settlement offer, maintains that

the "only reasonable reading of that communication is that Cunningham Lindsey was notifying Underwriters that American Patriot had demanded in excess of $1 million and, by extension, that Novae's obligation to consider a within-limits demand had been activated." (Id. at 9.) We disagree. Novae's reading of the statement is not the "only reasonable reading," nor is it even a reasonable reading. The e-mail implies that settlement discussions have not yet begun, and it does not refer to any specific settlement demand but rather apparently to American Patriot's ad damnum. In any event, Novae fails to submit any evidence that a settlement demand has been made in the underlying action. (For its part, Cunningham represents that a settlement demand indeed has not yet been made but also fails to submit any evidence.) All that we can gather is that a settlement or judgment in the American Patriot Action in excess of $1 million is possible, but not probable.

Novae also attempts, unsuccessfully, to shoehorn this case into the cases involving a duty to defend by citing the Policy provisions requiring the Underwriters to pay "costs, charges and expenses at least once every 90 days" and including legal fees as a component of "Costs, Charges and Expenses," which are deemed a component of covered "Loss." In Novae's view, these provisions are "very much like the duty to defend" and create a ripe controversy. (Id. at 11-12.) We are unpersuaded. As Cunningham points out, nowhere in the First Amended Complaint does Novae allege that it

has a duty to defend Cunningham. This is understandable because the Policy expressly states: "This policy does not provide for any duty by Underwriters to defend any of the Assureds. Underwriters have no duty or obligation to defend any claim." (First Am. Compl., Ex. A, Policy, at 65.) What is more, as Novae concedes, the Policy provides that amounts incurred as costs, charges and expenses are subject to the $1 million retention; thus, legal expenses are part of the losses covered by the indemnity. Coverage for legal expenses is just as contingent as coverage for the underlying substantive claim. This case simply is not akin to the "duty to defend" cases.

Novae argues that Cunningham and Novae have a "broader dispute over whether the Policy has an endless reporting tail" that "has been going on for years and threatens to dominate the relationship for years to come." (Pl.'s Mem. in Opp'n at 12.) Novae wants "a definitive ruling that would estop" Cunningham from litigating the coverage issue in future actions and "provid[e] guidance to [the parties] (along with the rest of the Assureds and Underwriters) going forward." (Id. at 13.) These future suits, however, are hypothetical, and Novae has failed to show that it has suffered any injury or that it is likely to suffer injury as is required by Article III. Novae has also failed to show that it will suffer any hardship as a result of postponing a decision regarding indemnity.

Novae's final argument in opposition to Cunningham's motion to dismiss involves Count III. Count III is based on Clause VII of the Policy, which states: "The Assureds agree to provide Underwriters with such information, assistance and cooperation as Underwriters reasonably may request, and they further agree that they shall not take any action which in any way increases Underwriters' exposure under this Policy." (First Am. Compl., Ex. A, Policy, Clause VII.) Novae alleges that "[b]y failing to provide Underwriters 'information, assistance and cooperation' [Underwriters] (through their counsel) requested with respect to the American Patriot Claim, [Cunningham] breached its duty to cooperate and, therefore, has no viable claim for coverage." (First Am. Compl. ¶ 47.) The relief sought with respect to Count III is "a judgment that Novae has no liability under the Policy in connection with the American Patriot Claim due to [Cunningham's] breach of its obligations under the Policy's Clause VII." (Id. Prayer for Relief.)

The relief sought in conjunction with Count III is artfully pled in an attempt to distinguish it from Counts I and II, which expressly seek "declaratory" judgment and not merely a "judgment." However, Count III is not a direct claim for breach of contract; indeed, Novae does not seek damages or any type of equitable remedy for the alleged breach. Rather, as in Counts I and II, Novae seeks a judgment that it is not liable to Cunningham under the Policy;

this would be a declaratory judgment, whether or not Novae applies that label. We find it unnecessary to address the parties' arguments concerning which state's substantive law will apply to this claim because, as stated <u>supra</u>, we look to federal law to decide whether a declaratory judgment action is ripe. The general rule that the duty to indemnify is not ripe until the insured is held liable in the underlying suit applies to Count III as well.

In conclusion, Novae has failed to demonstrate why the general rule does not apply in this case. We are mindful of the Seventh Circuit's admonition that judicial time should not be consumed "in order to produce a decision that may turn out to be irrelevant." <u>Lear</u>, 353 F.3d at 583. This principle is underscored by the fact that the Anderson Action, upon which the instant suit was partly based, settled for less than the $1 million retention and rendered moot Novae's request for relief with respect to that Action. This case will be dismissed without prejudice for lack of ripeness.

## CONCLUSION

For the foregoing reasons, the motion of defendant Cunningham Lindsey Claims Management, Inc. to dismiss plaintiff's First Amended Complaint is granted.

DATE:          April 1, 2008


ENTER:

John F. Grady, United States District Judge